UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

      Plaintiff,

v.

TREASURE ENTERPRISE LLC,
PATRICIA ENRIGHT GRAY and LARRY
ALLEN HOLLEY

      Defendants,

and

KINGDOM ASSET MANAGEMENT LLC
and CARLEEN RENEE HOLLEY,

      Relief Defendants.

Case No. 17-cv-10963
Hon. Matthew F. Leitman

_____/

## ORDER GRANTING AMENDED MOTION OF RECEIVER FOR AUTHORITY TO SELL REAL ESTATE LOCATED AT 2029 S. ELMS ROAD, SWARTZ CREEK, MICHIGAN

This matter having come before the Court upon the *Amended Motion of Receiver for Authority to Sell Real Estate Located at 2029 S. Elms Road, Swartz Creek, Michigan* (the "Amended Motion") filed by O'Keefe & Associates Consulting, LLC and Patrick O'Keefe (the "Receiver"); due and sufficient notice having been given, including to Claudine M. Harris; objections having been filed by Ms. Harris and by Ms. Harris' counsel (the "Harris Objections"), the Harris Objections having

4860-9796-7389

been resolved by the agreement of Ms. Harris and the Receiver, as stated on the record; and the Court being fully advised in the premises:

**THE COURT HEREBY FINDS THAT:**

A.   This Court has jurisdiction over this action pursuant to Section 22 of the Securities Act of 1933 [15 U.S.C. § 77a *et seq.*] and Section 27 of the Securities Exchange Act of 1934 [15 U.S.C. § 78a *et seq.*] (the "Exchange Act").

B.   Venue is proper in this Court pursuant to Section 27 of the Exchange Act.

C.   The Receiver is the duly appointed receiver pursuant to this Court's *Sealed Order Appointing Receiver* [Docket No. 10] entered on March 28, 2017 (the "Receivership Order").

D.   Due, timely and appropriate notice of the Amended Motion and an opportunity to object or be heard with respect to the Amended Motion and the relief requested therein has been provided to all interested persons and entities, including counsel to Claudine Harris.

E.   The Court has reviewed the Amended Motion and all other pleadings of record related to the Amended Motion.

F.   The Court also has considered the arguments of counsel at the hearing on approval of the Amended Motion and the resolution of the Harris Objections, as placed on the record.

4860-9796-7389

G. The Amended Purchase Agreement, as that term is defined in the Amended Motion, is the result of an arm's length negotiation, undertaken consistent with and within the scope of the Receiver's duties under the Receivership Order.

H. Proper publication of the proposed sale of the Property subject to the Amended Purchase Agreement has occurred, consistent with the requirements of 28 U.S.C. §2002, and sale of the Property is otherwise consistent with the requirements of 28 U.S.C. §2001.

**NOW, THEREFORE, IT IS ORDERED AND ADJUDGED THAT:**

1. The Amended Motion is GRANTED in its entirety.

2. The Receiver is authorized to sell the Property commonly known as 2029 S. Elms Road, Swartz Creek, Michigan, and more fully described in the Amended Purchase Agreement attached as **Exhibit C** to the Motion (the "Property"), free and clear of all liens, claims and encumbrances, pursuant and subject to the terms of the Amended Purchase Agreement.

3. The Receiver is authorized to enter into the Amended Purchase Agreement.

4. In connection with the closing under the Amended Purchase Agreement, the Receiver is authorized to execute any and all documents reasonably required to consummate the sale of the Property, and to take all steps reasonable and necessary related thereto, including but not limited to the payment of usual and customary pro-

rations and all ordinary and necessary closing costs and commission to Signature Associates.

5. All liens against the Property, including those asserted by Ms. Harris, shall be transferred to the proceeds of sale. At the time of closing on the sale, Ms. Harris shall discharge her Deed of Trust and Assignment of Leases and Rents against the Property, in a form acceptable to the title company, to permit the sale of the Property to close, in exchange for which Ms. Harris shall receive a payment, at the time of closing, in the amount of $12,500.00, which shall be applied against her allowed claim amount, as determined by the Court.

6. At the time of closing, the Receiver is authorized to pay the unpaid taxes and water bills which constitute a lien against the Property.

7. Per the resolution placed on the record, Ms. Harris' waiver of her rights to assert a claim regarding the Receiver's collection and application of the rents related to the Property is approved.

8. The Receiver and Ms. Harris reserve all rights related to the determination of the allowed amount of Ms. Harris' claim, subject to the waiver provided in paragraph 7 hereof.

**IT IS SO ORDERED**.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 25, 2022

4860-9796-7389

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 25, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

5

4860-9796-7389